**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GLENDA SAINTFLEUR<br>Plaintiff,<br>v.<br>DR. DAVID SHULKIN, *Secretary, Department of Veterans Affairs Agency*,<br>Defendant. | CIVIL ACTION<br>NO. 1:17-cv-04563-WSD-RGV |

**MAGISTRATE JUDGE'S NON-FINAL REPORT AND RECOMMENDATION**

On November 14, 2017, plaintiff Glenda Saintfleur ("plaintiff"), proceeding *pro se*, sought to file an employment discrimination complaint against Dr. David Shulkin, Secretary, Department of Veterans Affairs ("defendant"), alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a). [Docs. 1 & 1-1].[1] On November 22, 2017, the Court issued an Order granting plaintiff's request to proceed *in forma pauperis*, but ordering her to file an amended complaint within fourteen (14) days to address the deficiencies noted within that Order, including attaching a copy of all required documents and setting forth sufficient allegations to support her retaliation claim

[1] The document and page numbers in citations to the record refer to the document and page numbers listed in the Adobe file reader linked to this Court's electronic filing database, CM/ECF.

under Title VII and the Federal Rules of Civil Procedure. See [Doc. 2]. The Order also cautioned plaintiff that failure to comply with the Order "may result in a recommendation that this action be dismissed." [Id. at 7]. On December 6, 2017, plaintiff filed an amended complaint. See [Doc. 5]. Plaintiff's amended complaint is now before the Court for a frivolity determination pursuant to 28 U.S.C. § 1915(e)(2).[2] Having reviewed the allegations of plaintiff's amended complaint, the Court finds that plaintiff's allegations regarding retaliatory termination under Title VII, when liberally construed as required for a *pro se* plaintiff's complaint, are sufficient to survive frivolity review, but the remaining allegations in her amended complaint are due to be dismissed. Therefore, for the reasons that follow, it is **RECOMMENDED** that plaintiff's amended complaint, [Doc. 5], be allowed to proceed only as to her retaliatory termination claim under Title VII and that the remaining claims under Title VII asserted in her amended complaint be **DISMISSED**.

## A. Legal Standard

"'Where a plaintiff is proceeding in forma pauperis, a district court is required to sua sponte determine whether the complaint: (1) is frivolous or malicious; (2) fails

[2] "[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case." Lowery v. Ala. Power Co., 483 F.3d 1184, 1219-20 (11th Cir. 2007) (citations omitted).

to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.'" Bacon v. Ga. Ports Auth., No. CV410-281, 2010 WL 5538515, at *1 n.3 (S.D. Ga. Dec. 17, 2010), adopted as modified by 2011 WL 43504, at *1 (S.D. Ga. Jan. 6, 2011) (citations omitted) (quoting 28 U.S.C. § 1915(e)(2)). A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). That is, "[a]n *in forma pauperis* complaint is considered frivolous if the Court determines the factual allegations are 'clearly baseless' or the legal theories are 'indisputably meritless.'" Austin v. Fla. Dep't of Children & Families, No. 3:09-cv-907-J-25MCR, 2009 WL 3817602, at *1 (M.D. Fla. Nov. 16, 2009), adopted at *1 (quoting Neitzke, 490 U.S. at 327). A complaint may be dismissed for failure to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). While *pro se* pleadings are entitled to liberal construction, "liberal construction cannot serve as a substitute for establishing a cause of action." Austin, 2009 WL 3817602, at *1 (citation omitted).

**B. Discussion**

Plaintiff's amended complaint, which is a form complaint used when asserting an employment discrimination claim, contains allegations similar to her original complaint. Compare [Doc. 5], with [Doc. 3]. Plaintiff alleges that she has

been retaliated against and suffered harassment and a hostile work environment in violation of Title VII "for filing complaints." [Doc. 5 at 6]. In particular, she alleges that she was employed at the Department of Veterans Affairs in Atlanta, Georgia, from December 5, 2010, until January 3, 2015; that she "worked in a hostile work environment from 2011[ to ]2015"; that she "went to management about [her] concerns many times" and "to the EEO Specialist"; that "nothing was being done [about her] concerns"; that she filed her first formal complaint on October 7, 2013; that after she filed her first complaint, "the environment towards [her] became more hostile" and "the situation became retaliatory"; that she filed an amendment to her first complaint due to Shelia Lee's false accusation sometime after June 18, 2014; and that she filed a second formal complaint on October 10, 2014. [Id. at 4-5, 7, 10-11]. She additionally alleges that she was "kicked, push[ed], grabbed, jailed twice on false allegations[, and] . . . retaliated against for filing a formal complaint," [id. at 12], and that she was "removed from [her] position based on inconsistent and false testimonies by witnesses," [id. at 13].

Plaintiff's amended complaint is still deficient in several respects. First, she has alleged that she exhausted her administrative remedies by filing two formal complaints, [id. at 4-5], as required prior to filing suit under Title VII, see Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam), but she

has not attached a copy of the charges of discrimination timely filed with the Equal Employment Opportunity Commission ("EEOC"), as required by paragraph 7 of the form complaint, see [Doc. 5 at 4]. Instead, she has attached almost two hundred pages of documents that appear to relate to her EEOC claims, see [Docs. 5, 5-1, & 5-2], but these documents have not been authenticated, and the Court has not located the charges of discrimination among them.[3] Thus, plaintiff has not demonstrated that she timely exhausted her administrative remedies.[4] However, accepting

---

[3] "Despite the lenience afforded *pro se* plaintiffs, this Court will not–and is not required to–sift through hundreds of pages of fragmented information to decipher [p]laintiff's claim[] *and* then determine whether any fact buried within [her] [attachments] is material." McKissick v. Deal, CIVIL NO. 5:15-CV-0407-MTT, 2015 WL 7013455, at *3 (M.D. Ga. Nov. 12, 2015) (citations omitted); see also Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) (unpublished) (citation omitted) ("[Plaintiff] contends that the exhibits to his complaint clarify his arguments, but to force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2). Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading."); Conde v. Truck Drivers & Helpers Local Union No. 728, Civil Action No. 1:17-CV-00078-TWT-JCF, 2017 WL 5588932, at *6 (N.D. Ga. Oct. 25, 2017), adopted by 2017 WL 5573024, at *1 (N.D. Ga. Nov. 20, 2017) (citations omitted) ("[T]he Court is not required to sift through attachments to a complaint to discern whether a claim exists.").

[4] "Before a potential plaintiff may sue . . . under Title VII, she must first exhaust her administrative remedies." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citation omitted). "The first step down this path is filing a timely charge of discrimination with the EEOC," and "[f]or a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory [or retaliatory] act." Id. (citations omitted). Since plaintiff has not alleged the specific dates of the alleged harassment and hostile work environment, the Court cannot determine if she timely exhausted her administrative remedies.

plaintiff's allegation that she timely exhausted her administrative remedies in view of the final EEOC decisions attached to her amended complaint, see [Doc. 5 at 22-31], the Court will address whether plaintiff's amended complaint states any plausible claim for relief under Title VII.

From the documents attached to her amended complaint, it appears that plaintiff first filed a formal EEOC complaint on October 3, 2013, [Doc. 5 at 23], asserting claims of a hostile work environment on the bases of her race (African-American) and sex (female) due to multiple incidents dating back to 2011.[5] [Id.]. In addition, plaintiff complained of reprisal when an EEO specialist allegedly attempted to dissuade her from filing a complaint in October of 2013. [Id.]. However, in its decision affirming the agency's final decision finding no discrimination or reprisal, the EEOC concluded that plaintiff "was not subjected to

---

See Smiley v. Alabama Dep't of Transp., 778 F. Supp. 2d 1283, 1294 (M.D. Ala. 2011) ("Of course, the determination of whether a plaintiff has filed a timely EEOC Charge depends on when the alleged unlawful employment practice 'occurred.'").

[5] According to the final EEOC decision on her first claim, which is among the documents submitted with her amended complaint, the harassment plaintiff complained about included, among other things, that "a doctor ha[d] continually been physical with her; a co-worker kicked her; a co-worker called her a 'thing' and continue[d] to step in front of her; a co-worker ha[d] bullied her and hit her whenever they [sic] [were] in the same area; a co-worker hit her on the foot and said 'it is time for you to go;' and a doctor grabbed her by the arm." [Doc. 5 at 23].

discrimination or a hostile work environment," in part, because there was "no evidence that the alleged conduct was based on discriminatory animus." [Id. at 25].

Plaintiff's amended complaint similarly fails to include any facts to support a plausible claim of hostile work environment because she has not included any allegations that the alleged harassment and hostile work environment she experienced was based on her race or sex or any other protected characteristic.[6] Moreover, plaintiff's hostile work environment claim appears to be time barred because the final EEOC decision on her claim was rendered on May 26, 2017, [id. at 27], and she did not seek leave to proceed *in forma pauperis* and file this action until November 14, 2017, see [Doc. 1], more than 90 days after the final EEOC decision, see Santini v. Cleveland Clinic Fla., 232 F.3d 823, 825 (11th Cir. 2000) (per curiam)

[6] "To prevail on a hostile work environment claim, a plaintiff must [] [allege] that any harassing conduct alleged is based upon a protected characteristic." McLaughlin v. Brennan, Case No. 3:13-cv-987-J-34MCR, 2016 WL 1271514, at *7 (M.D. Fla. Mar. 31, 2016). "Title VII is not 'a general civility code'" and "'does not prohibit harassment alone, however severe or pervasive.'" Id. (citations omitted). "Rather, 'Title VII prohibits discrimination, including harassment that discriminates on a protected category'–that is, race, color, religion, sex, or national origin." Id. (citations omitted). Plaintiff has not alleged that any of the actions she complains about were taken as a result of a protected characteristic. See [Doc. 5 at 6]. Thus, she has failed to state a plausible claim for hostile work environment under Title VII. See Gonzalez v. DeKalb Med. Ctr., CIVIL ACTION FILE NO. 1:08-CV-03366-CAM-AJB, 2009 WL 10664894, at *13 (N.D. Ga. Dec. 30, 2009) (citations omitted) ("Where a plaintiff does not show that any of the abuse or harassment she endured was based on a protected characteristic, the plaintiff cannot prevail on a hostile work environment claim.").

(footnote and citation omitted) ("Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."); Marshal v. City Sch. Bd. of the City of Selma, Civil Action No. 08-0464-KD-B, 2008 WL 5188804, at *3 (S.D. Ala. Dec. 10, 2008), adopted at *1 (dismissing plaintiff's Title VII claim filed 91 days after plaintiff acknowledged receiving right-to-sue letter).[7] Her retaliation claim based on the EEO specialist's conduct in October 2013 similarly would be time barred because her complaint does not appear to have been filed within 90 days of receipt of the final EEOC decision on this claim, and in any event, she has also failed to state sufficient facts to support a plausible retaliation claim based on the EEOC specialist's comments to her that

---

[7] Plaintiff alleges in her amended complaint that she received a notice of right to sue letter from the EEOC on September 19, 2017, [Doc. 5 at 4], but that date corresponds to the EEOC's final decision on her second formal EEOC complaint, see [id. at 28-31]. The EEOC's final decision on her first formal complaint was issued on May 26, 2017. [Id. at 27]. Although plaintiff has not specified the date she received the May 26, 2017, final decision, "the Court presumes [she] received the letter [containing the final decision] three days after it was mailed." Marshall v. Eadison, No. CIV.A. 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citations omitted) (citing Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 (1984)); see also Moh v. City of Atlanta, Civil Action File No. 1:10-CV-04058-TWT-AJB, 2011 WL 2579829, at *3 (N.D. Ga. May 20, 2011), adopted by 2011 WL 2565681, at *1 (N.D. Ga. June 28, 2011) (alteration in original) (citations and internal marks omitted) ("[W]hen a plaintiff does not assert that he or she received the right-to-sue letter on a specific date, the Court presumes the plaintiff received the letter three days after it was mailed."); Ruiz v. Vilsack, 763 F. Supp. 2d 168, 171 (D.D.C. 2011) (citation omitted) ("Courts generally assume that the final EEOC decision was mailed on the same day that it was issued[.]").

preceded the filing of her first formal EEOC complaint as she has not specified any other qualifying protected activity that preceded this incident since she has not identified any discrimination or harassment based on a protected characteristic about which she had previously complained. [Doc. 5 at 23, 27].

In addition to the reprisal claim asserted in her original EEOC complaint, plaintiff complained about retaliation in a second formal EEOC complaint she filed on October 10, 2014. [Id. at 17, 29]. Specifically, it appears from the documents submitted with her amended complaint that plaintiff alleged in her second formal EEOC claim[8] that she was retaliated against for prior protected EEOC activity when (1) a co-worker allegedly made a false report that plaintiff hit her on June 18, 2014; (2) plaintiff was subsequently arrested on October 3, 2014, and jailed for two days for the incident involving the co-worker; (3) plaintiff received a proposed removal letter on October 21, 2014; (4) plaintiff was removed from federal employment on January 3, 2015; and (5) plaintiff was arrested again on February 21, 2015, and jailed overnight for the same charges on which she had been arrested in October 2014. [Id. at 29]. The EEOC issued a final decision on September 14, 2017, affirming the agency's determination that plaintiff failed to show that she was subjected to retaliation in violation of Title VII. [Doc. 5 at 28-31].

[8] Plaintiff's second formal EEOC claim was later amended to include additional alleged acts of retaliation. See [Doc. 5-1 at 12-14].

While "'a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a *prima facie* case of [retaliation] under the framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973),'" Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316(HB), 2008 WL 3861352, at *4 (S.D.N.Y. Aug. 19, 2008) (first alteration in original) (citation omitted) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002)), vague and conclusory allegations without more are insufficient to support a retaliation claim, see Salazar v. Hostmark, No. CV 112–145, 2012 WL 6128435, at *3 (S.D. Ga. Nov. 20, 2012), adopted by 2012 WL 6127981, at *1 (S.D. Ga. Dec. 10, 2012). To establish a Title VII retaliation claim, plaintiff must show: (1) that she engaged in statutorily protected expression; (2) that she suffered an adverse action; and (3) that there is some causal relation between the two events. Id. (citations omitted).

To establish that there was a causal relation, plaintiff must show that "the protected activity and the adverse action were not wholly unrelated," which generally requires she "show that the decision maker was aware of the protected conduct at the time of the adverse employment action and that there is a close temporal proximity between the protected expression and [the] adverse . . . action." Russaw v. Barbour Cty. Bd. of Educ., 891 F. Supp. 2d 1281, 1291-92 (M.D. Ala. 2012) (alterations in original) (citations and internal marks omitted); see also Higdon v.

Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004) (citations omitted). While plaintiff alleges that she filed her first formal complaint in October 2013 and an amendment to her first complaint sometime after the June 18, 2014, incident with a co-worker, and then filed her second complaint on October 10, 2014, she has not provided sufficient factual allegations to find a temporal proximity between her protected activity and several of the alleged retaliatory actions. See [Doc. 5].

The retaliatory action she complained of in her second EEOC claim filed on October 10, 2014, involving the co-worker's allegation that plaintiff hit her on June 18, 2014, occurred, at the earliest, more than eight months after she engaged in protected activity by filing her first formal complaint in October of 2013, which is too remote to support a causal connection in the absence of other factual allegations. See Fernandez v. Bal Harbour Vill., 49 F. Supp. 3d 1144, 1150 (S.D. Fla. 2014) (finding plaintiff's retaliation claim "fail[ed] as a matter of law" because "the alleged adverse actions occurred more than eight months after [p]laintiff filed the [] [complaint]"). Plaintiff's allegations of retaliation based on her arrests on October 3, 2014, and again on February 21, 2015, similarly fail to state a plausible claim because she has not alleged facts that would support finding a causal connection to protected activity as both arrests appear to have occurred more than 3 months after she engaged in

protected activity,[9] and she has not alleged facts from which it could reasonably be inferred that the arrests were caused or made by a person who was aware of her protected conduct at the time. See Evans v. Atlanta Pub. Sch., CIVIL ACTION FILE NO. 1:15-cv-3652-TWT-CMS, 2016 WL 6824422, at *5 (N.D. Ga. Sept. 20, 2016), adopted by 2016 WL 6476826, at *1 (N.D. Ga. Nov. 1, 2016) (citing Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007) (per curiam)) ("holding that a three or four month period between the statutorily protected expression and the adverse employment action was insufficient to show causation"); see also Vignoli v. Clifton Apartments, Inc., No. 12-24508-CIV, 2014 WL 6850775, at *7 (S.D. Fla. Oct. 7, 2014), adopted by 2014 WL 6850778, at *2 (S.D. Fla. Dec. 3, 2014) (citations omitted) ("'The Eleventh Circuit has found that a temporal gap as small as three months to be insufficiently close to make out a prima facie case of retaliation.'"); Russaw, 891 F. Supp. 2d at 1291-92 (citation omitted) ("'[T]o show the two things were not entirely unrelated, the plaintiff must generally show that the decision

---

[9] While plaintiff alleges she amended her first formal complaint sometime after June 2014, see [Doc. 5 at 10], she has not provided a date of this alleged amended, nor is there a record of the amendment to the first formal complaint in the numerous attachments to plaintiff's amended complaint, see generally [Docs. 5, 5-1, & 5-2]. However, plaintiff "initiated contact with an EEO counselor" on July 11, 2014, but did not file her second formal complaint until October 10, 2014, which she amended on February 27, 2015. [Doc. 5-1 at 9-14].

maker was aware of the protected conduct at the time of the adverse employment action[.]'").

The alleged retaliatory actions related to her proposed removal and termination on October 21, 2014, and January 3, 2015, respectively, that were asserted in an amendment to her second EEOC claim, however, are sufficiently close in proximity to the EEOC claim she filed on October 10, 2014, to satisfy the causation element. Joseph v. Napolitano, No. 11-21468-CIV, 2012 WL 3244674, at *3 (S.D. Fla. Aug. 9, 2012) (citations omitted) ("The law is clear that the delay, absent other evidence, between the adverse action and the protected activity must be less than three months."). Moreover, she has included allegations that the individuals allegedly responsible for these actions were aware of her protected activity. See [Doc. 5-2 at 16-17]. Thus, based on the allegations of plaintiff's amended complaint, the Court cannot find that her retaliatory termination claim under Title VII is entirely frivolous or malicious. See Neitzke, 490 U.S. at 324. Therefore, it is **RECOMMENDED** that the plaintiff's retaliatory termination claim under Title VII be allowed to proceed, but that the remaining claims asserted in her amended complaint, [Doc. 5], be **DISMISSED** for failure to state a plausible claim.

It is further **RECOMMENDED** that if this Report and Recommendation is adopted, this action be returned to the undersigned for further proceedings, including the issuance of an Order regarding service of process.

**IT IS SO RECOMMENDED** and **DIRECTED**, this 19th day of December, 2017.

Russell G. Vineyard

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE